NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**O'KEEFFE'S, INC.,**
*Appellant*

**v.**

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2021-1025

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. PGR2019-00025.

---

Decided:  March 15, 2022

---

THEODORE J. BIELEN, JR., Bielen & Lampe, Concord, CA, argued for appellant.  Also represented by JOHN C. ALEMANNI, Kilpatrick Townsend & Stockton LLP, Raleigh, NC; JUSTIN LEONARD KRIEGER, Denver, CO; NEIL ARTHUR SMITH, KB Ash Law Group PC, Alamo, CA.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by MAI-TRANG DUC DANG, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED.

————————————

Before PROST, BRYSON, and STOLL, *Circuit Judges*.

PER CURIAM.

In a post-grant review proceeding, the Patent Trial and Appeal Board held unpatentable all claims of U.S. Patent No. 9,926,709 ("the '709 patent"), owned by appellant O'Keeffe's, Inc. The Board also denied the patent owner's motion to amend. O'Keeffe's appealed, and when the petitioner, Ely Holdings Ltd., withdrew from the appeal, the Director of the Patent and Trademark Office intervened to defend the Board's decision.

The '709 patent is directed to a mechanism for supporting and positioning a glass floor unit. The Board held the claims of the patent and the proposed substitute claims unpatentable based on (1) the on-sale bar stemming from an offer to sell a floor system in the United States more than one year before the filing date of the application that matured into the '709 patent; and (2) obviousness in view of several combinations of prior art references, including U.S. Patent No. 7,694,475 to Rae and two German patents (which are quite similar to one another), referred to as "DE759" and "DE230."

The Director declined to defend the Board's decision with respect to the on-sale bar. We likewise do not rely on that rationale as a basis for our decision. With respect to the Board's reliance on the prior art references, however, we conclude that the Board's decision was supported by substantial evidence, and we therefore affirm.

O'Keeffe's first argues that the combination of Rae and the German patents does not render the claims of the '709

patent obvious because using the jack shown in the German patents to lift the glass flooring of Rae would lift only the upper structural glass portion of Rae and not the separate fire-rated glass portion below the structural glass portion. The Board, however, noted that the claims of the '709 patent simply refer to a "glass floor unit." J.A. 52. As the Board pointed out, the claims of the '709 patent do not require "that the two components be unmovable with respect to each other or that any force exerted on one component should necessarily be exerted on the other." *Id.* It was therefore proper for the Board to consider the Rae reference, in combination with the German patents, in its obviousness analysis.

The Board analyzed all the limitations of the '709 claims and the proposed substitute claims. Only two of the limitations, both found in proposed substitute claim 13, merit comment.

The first is the limitation that recites "a support, said support positioned to contact the glass floor unit, said support comprising a sheet, said sheet being rotatable relative to said adjuster [a screw mechanism that moves the floor structure up and down] for movement within said cavity of said glass floor unit." The issue with regard to that limitation is whether the support plate depicted in the German patents is fixed to the screw mechanism such that it rotates with the screw mechanism, or whether the support plate in the German patents is in contact with the screw mechanism but rotates independently of it.

The Board's treatment of this issue is not entirely clear. The Board suggests at several points in its final written decision that the support plate in the German patents "rotates with the screw." *See* J.A. 70, 119, 134. But at each of those points, the Board quotes with approval the testimony of the petitioner's expert that the support plates depicted in the German patents is "held" on the upper side of the screw head and "will necessarily either rotate with the

screw (if immovably held, e.g. welded) or rotate independently of the screw (if movably held, e.g. threaded)." J.A. 70, 117, 133 (each quoting J.A. 675). In the end, the Board appears to embrace the expert's analysis, which indicates that the German patents teach that the support plate can be either rotatable or non-rotatable and that the "rotatable support" limitation can therefore be found in the German patents. *See* J.A. 675–76. That finding, which is based on the expert's assessment of the German patents, is supported by substantial evidence.

The second limitation of interest in proposed substitute claim 13 is the limitation directed to "a hat channel, said hat channel removably positioned over said adjuster for permitting access to said adjuster in said cavity from said outer walking surface." Pointing to the "transverse profile" depicted in Figure 4 of both German patents, J.A. 509, 621, petitioner's expert characterized that feature as teaching the "hat channel" limitation, as the transverse profile could be removed to permit access to the adjuster mechanism. The Board agreed. J.A. 121–23, 136–38.

O'Keeffe's argues that accessing the adjuster mechanism in the German patents would require substantial effort, including removing sections of the flooring. But as the Director points out, the "hat channel" limitation is quite broad. It contains no requirement that the hat channel must be removable without disturbing any portion of the flooring, or with no significant difficulty. The Board's conclusion that the hat channel limitation is satisfied by the disclosure in the German patents is therefore supported by substantial evidence.

**AFFIRMED**